# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>Scott L. Conklin and Nicole W. Conklin,<br><br>Debtors. | Bankruptcy Case No. 13-01818-JDP |
| Jeremy Gugino, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>Credit Acceptance Corporation; Scott L. Conklin; and Nicole W. Conklin,<br><br>Defendants. | Adv. Proceeding No. 13-06040-JDP |

## MEMORANDUM OF DECISION

MEMORANDUM OF DECISION – 1

**Appearances:**

Jeremy Gugino, pro se, Chapter 7 Trustee, Boise, Idaho, Plaintiff

Matthew K. Shriver, RCO Legal, P.C., Boise, Idaho, Attorney for Defendant Credit Acceptance Corporation

J. Bart Green, III, Meridian, Idaho, Attorney for Defendants Scott and Nichole Conklin

### *Introduction*

Benefitting from bright-line rules in Idaho's statutes, trustees in this District have long enjoyed success in avoiding the security interests held by would-be secured creditors in motor vehicles. As this case demonstrates, due to changes in those statutes, trustees may now experience challenges in assailing those liens.

Plaintiff, chapter 7[1] trustee Jeremy Gugino ("Trustee"), commenced this adversary proceeding against creditor Defendant Credit Acceptance Corporation ("CAC") seeking to avoid the lien it claimed on a 2006 Honda

---

[1]  Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037. Civil Rule references are to the Federal Rules of Civil Procedure 1 – 86.

MEMORANDUM OF DECISION – 2

Odyssey (the "Honda") owned by debtors Scott and Nicole Conklin

("Debtors") as a preference pursuant to § 547(b).  Dkt. No. 5.  Because they

had possession of the Honda, had claimed it exempt, and hoped to

reaffirm the debt with CAC to keep the Honda, without objection by

Trustee, Debtors were allowed to intervene as defendants in the adversary.

Dkt. Nos. 11 and 27.

Debtors filed a motion for summary judgment, in which CAC joined,

Dkt. Nos. 29 and 38, and Trustee filed a cross-motion for summary

judgment, Dkt. No. 39.  On April 30, 2014, the Court conducted a hearing

at which the parties appeared and presented arguments in support of their

respective motions.  This Memorandum disposes of the issues raised by the

motions.[2]

---

[2]  The Court concludes that it has jurisdiction over this action under 28
U.S.C. § 1334(b), and that it is a "core" matter under 28 U.S.C. § 157(b)(2)(F).  The
Court also concludes that it has the constitutional authority to issue a final
judgment in this matter, as to which the parties have all expressly consented.

MEMORANDUM OF DECISION – 3

*Facts*[3]

On July 3, 2013, Debtors entered into a retail installment contract with Hannigan Auto Sales, LLC in Emmett, Idaho to purchase the Honda. CAC agreed to finance Debtors' purchase in the amount $12,871.20. Debtors took possession of the Honda the same day.

CAC thereafter mailed a "Report of Sale and Application for Certificate of Title" (the "Application")[4] to Gem County.[5] The Application was received by Gem County on August 2, 2013, as is evidenced by a date stamp appearing on the Application. However, while the certificate of title issued for the Honda by the State of Idaho properly listed CAC as the "lienholder," it indicated that CAC's lien was "recorded" on August 6, 2013. August 2, 2013, is thirty days after July 3, 2013, the day Debtors

---

[3] The parties do not dispute the facts stated here, which are drawn from their statements filed pursuant to Local Rule 7056.1. Dkt. Nos. 33 and 39-1.

[4] Trustee does not dispute that the Application was "properly completed" as required by Idaho Code § 49-510(1) and (2).

[5] Gem County is authorized by Idaho law to serve as an agent for the Idaho Department of Transportation to receive and process applications for vehicle certificates of title. *See* Idaho Code §§ 49-105(3) and 49-205(1).

MEMORANDUM OF DECISION – 4

purchased and took possession of the Honda.

Debtors filed their chapter 7 case on September 4, 2013. Trustee was appointed, and on October 21, 2013, commenced this adversary proceeding against CAC. In his complaint, Trustee contended that, because CAC's security interest in the Honda was not perfected until August 6, as evidenced by the recording date on the title, that security interest could be avoided under § 547(b) as a preference.

Debtors and CAC disagree with Trustee. In their view, the CAC security interest was perfected on August 2, the date the Application was actually received by Gem County, and therefore, CAC's security interest is immune from avoidance. To support their summary judgment motions, they offered an affidavit of Debtors' counsel. Dkt. No. 32. It explains that on November 21, 2013, Debtors' counsel went to the Ada County Motor Vehicles Office to inquire about the discrepancy between the date the Application was received by Gem County, and the lien recording date listed in the title record for the Honda. After discussing the matter with a county employee at the office, and by phone with an employee of the

MEMORANDUM OF DECISION – 5

Idaho Department of Transportation (the "Department"), all concluded

that a clerical error had occurred when the information was transmitted by

Gem County to the Department to create the certificate of title.  Counsel

inquired whether the clerical error could be corrected to show in the

Department's electronic records that the lien recording date was actually

August 2, 2013, the date the Application was received by Gem County.

Counsel's request was obliged, and thereafter, the date in the electronic

records for the Honda title certificate was changed to reflect a recording

date of August 2, instead of August 6, 2013.  Counsel submitted a certified

copy of a printout of the electronic record of title for the Honda with his

affidavit, which shows August 2, 2013, as the "recorded" date for CAC's

lien.

### *Arguments, Analysis, and Disposition*

### I.   The Parties' Arguments

Because the material facts are undisputed, Trustee argues that he is

entitled to a summary judgment avoiding the CAC lien on the Honda as a

MEMORANDUM OF DECISION – 6

preference because all of the elements of § 547(b) are satisfied.  In

particular, Trustee notes that, as of the date of Debtors' bankruptcy filing,

the certificate of title for the Honda showed that the CAC lien was

recorded on August 6, 2013, 34 days after Debtors purchased and took

possession of the Honda on July 3, 2013.  As a result of the delay in

properly perfecting its lien, Trustee contends that CAC's lien is avoidable

as a preferential transfer of an interest in Debtors' property, the Honda,

which occurred within 90 days of the filing of their bankruptcy petition, on

account of an antecedent debt, the installment contract.  Trustee further

argues that the exception in the Code protecting delayed perfection of

purchase money security interests in § 547(c)(3)(B)[6] does not apply in this

case because CAC perfected its lien more than 30 days after Debtors took

possession of the Honda.  Instead, Trustee argues, under the transfer

timing rules in § 547(e)(2)(B), CAC's perfection of the lien on the Honda

does not relate back to the date of the parties' transaction, and therefore,

---

[6]  Trustee does not dispute that the other requirements for an exception to avoidance under § 547(c)(3) are met.

MEMORANDUM OF DECISION – 7

the Debtors' transfer of the security interest to CAC was on account of an antecedent debt and avoidable as a preference.

Trustee argues that the applicable state law dictating the rules for perfecting motor vehicle liens, Idaho Code § 49-510, supports his position. Indeed, in determining when CAC's lien was perfected, Trustee interprets the Idaho statute to require the Court to utilize the recording date appearing on the certificate of title issued by the State, even if that date was erroneous.[7]

Debtors and CAC concur that no genuine issues of material facts remain, but they insist that they are entitled to a summary judgment. They do not dispute that, on the date Debtors filed their bankruptcy

---

[7] Trustee argues further that Debtors' counsel, Debtors, and the Department violated the automatic stay in acting to change the recording date for the CAC lien in the electronic database. Because their actions were a stay violation, Trustee contends that the post-bankruptcy changes made to the Honda title records are void. *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992); *In re Hegel*, 00.2 IBCR 101, 102 (Bankr. D. Idaho 2000). Because the changes to the title certificate resulted from the alleged stay violation, Trustee requests that the Court disregard the date listed in the current version of the electronic title for the Honda. Dkt. No. 40 at 8. For the reasons discussed below, the Court need not decide whether a stay violation occurred.

MEMORANDUM OF DECISION – 8

petition, August 6, 2013 was listed as the recording date of CAC's lien on

the Department's title records for the Honda.  However, Debtors and CAC

argue that, to determine if CAC's lien is preference, the perfection date for

CAC's lien was August 2, 2013, the date the Application was stamped as

received by Gem County, exactly 30 days after Debtors bought and

received the Honda.  They base this conclusion on their reading of Idaho

Code § 49-510, which they contend, requires this Court to use the date the

Application was received by Gem County, not the date that is listed on the

certificate of title, as the CAC lien perfection date.  Doing so, they argue,

means that CAC's lien is insulated from avoidance by Trustee as a

preference under § 547(c)(3)(B).

### II.    Applicable Law

Rule 7056 incorporates Civil Rule 56, which sets forth the familiar

summary judgment standard for evaluating the parties' motions here:

"The court shall grant summary judgment if the movant shows that there

is no genuine dispute as to any material fact and the movant is entitled to

MEMORANDUM OF DECISION – 9

judgment as a matter of law."  Civil Rule 56(a).  Based on this record, the

Court agrees with the parties that there are no genuine issues of material

fact requiring a trial.  Instead, the parties' motions present only issues of

law, and this contest is suitable for resolution via summary judgment.

To resolve the motions, the Court must decide whether, under the

Bankruptcy Code and Idaho law, CAC's lien was "perfected" for

preference purposes on the date the Application was received by Gem

County, or instead, on the date noted in the original certificate of title the

Department issued for the Honda.[8]  As explained below, while the Court

has visited this issue several times before, it has not done so since

significant revisions were made to the relevant provision of the Idaho

Code by the Legislature.

### A.  Section 547:  Preferences

---

[8]  The status of CAC's security interest must be evaluated based upon the
facts existing on the date Debtors filed their bankruptcy petition.  *Alvarado v.
Walsh (In re LCO Enters.)*, 12 F.3d 938, 942 (9th Cir. 1993) (stating "the court must
determine the relative position of the creditors on the date the petition is filed.").
Therefore, that the Department "corrected" the title certificate after the
bankruptcy petition was filed is of no moment.

MEMORANDUM OF DECISION – 10

Under § 547(b), a trustee must:

> prove seven elements to successfully establish and
> recover a transfer as preferential: (1) a transfer; (2) of an
> interest in property of the debtor; (3) to or for the
> benefit of a creditor; (4) for or on account of an
> antecedent debt; (5) the transfer was made while the
> debtor was insolvent; (6) made on or within 90 days
> before the date of the filing of the bankruptcy petition;
> and (7) that enabled the creditor to receive more than it
> would otherwise have received if the transfer had not
> been made and the case had proceeded under chapter 7.

*Green v. Roberts (In re Stinson)*, 443 B.R. 438, 442 (9th Cir. BAP 2010) (citing

§ 547(b)) (internal footnotes omitted). Per § 547(g), the trustee bears the

burden of proving these elements, while the creditor or party in interest

contesting avoidance has the burden of proving the target transfer is

excepted from avoidance under § 547(c). *Hopkins v. Lang (In re Carpenter)*,

378 B.R. 274, 278 (Bankr. D. Idaho 2007).

One of the preference exceptions protects the transfer of a security

interest to a lender to enable the debtor to acquire the property subject to

the lien. § 547(c)(3); *Fidelity Fin. Servs., Inc. v. Fink*, 522 U.S. 211, 214 (1998)

(transfer of a security interest may not be avoided as a preference if it "falls

MEMORANDUM OF DECISION – 11

within the enabling loan exception of § 547(c)(3)[.]").  While Trustee

concedes the other requirements for a preference exception are satisfied

here, he argues that CAC can not meet the requirements of § 547(c)(3)(B),

which limits the enabling loan exception to "a security interest in property

acquired by the debtor . . . *that is perfected on or before 30 days* after the

debtor receives possession of such property." (Emphasis added).[9]

_____

[9] Of course, to avoid CAC's security interest as a preference, Trustee must
prove that the transfer occurred "on or within 90 days before the date of the
filing of the petition[.]"  § 547(b)(4)(A).  A transfer of a lien in personal property
is deemed made "at the time such transfer takes effect between the transferor
and the transferee, if such transfer is perfected at, or within 30 days after, such
time, except as provided in subsection (c)(3)(B); [or] at the time such transfer is
perfected, if such transfer is perfected after such 30 days . . . ."  § 547(e)(2)(A), (B).
Stated another way, "if a transfer is perfected within [thirty] days, the date of the
transfer relates back to the time the transfer takes effect between the parties to it.
If the transfer is not perfected within [thirty] days, the date of perfection is the
date of the transfer."  *Grover v. Gulino (In re Gulino)*, 779 F.2d 546, 549 (9th Cir.
1985).  "The transfer of a lien on a debtor's personal property 'is perfected when
a creditor on a simple contract cannot acquire a judicial lien that is superior to the
interest of the transferee.'"  *In re White*, 08.3 IBCR 134, 136 (Bankr. D. Idaho 2008)
(quoting § 547(e)(1)(B)).  When and how a security interest is perfected is
determined by reference to state law.  *USAA Fed. Savings Bank v. Thacker (In re
Taylor)*, 599 F.3d 880, 885 (9th Cir. 2010); *In re White*, 08.3 IBCR at 136; *Fitzgerald v.
First Sec. Bank of Idaho (In re Carson)*, 97.1 IBCR 8, 9 (Bankr. D. Idaho 1997).
Because the § 547(e)(2) rules governing the timing of a transfer of a security
interest apply "except as provided in [§ 547](c)(3)(B)," the parties and the Court
have focused solely on the enabling loan avoidance exception to resolve the

MEMORANDUM OF DECISION – 12

### B.  Perfection of Liens on Motor Vehicles in Idaho

To determine when CAC's lien on the Honda was "perfected" for

preference purposes, the Court applies Idaho law:

> (1) *No lien or encumbrance on any vehicle* registered under
> the laws of this state created subsequent to December
> 31, 1986, irrespective of whether such registration was
> effected prior or subsequent to the creation of the lien or
> encumbrance, *shall be perfected* as against creditors or
> subsequent purchasers or encumbrancers without
> notice *until the holder of the lien or encumbrance*, or his
> successor, agent or assignee, has complied with the
> requirements of section 49-504, Idaho Code, and *has filed
> the properly completed title application and all required
> supporting documents with the department or an agent of the
> department.*
>
> (2) When the holder of a lien or encumbrance, his
> successor, agent or assignee, has filed with the
> department or agent of the department a properly
> completed title application and supporting documents
> as required by section 49-504, Idaho Code, *it shall be the
> duty of the department or agent of the department to file the
> same, endorsing on the title application the date of receipt. A
> lien is perfected as of the date of the filing of a properly*

---

issues here.  Even so, since Debtors' purchase of the Honda, and the date they
received possession of the Honda, occurred on the same day, and since both
§ 547(e)(2)(b) and § 547(c)(3)(B) hinge on the "perfection date" of CAC's lien, the
outcome would be the same under both Code provisions.

MEMORANDUM OF DECISION – 13

> *completed application with the department or an agent of the department.*
>
> (3) When the department is satisfied as to the genuineness and regularity of the documents submitted, it shall issue a new certificate of title or create a paperless electronic record of the title and lien filing when substantiated by a written agreement as provided in section 49-505, Idaho Code. The title shall contain the name of the owner of the vehicle, the name and address of each holder of a lien or encumbrance, and a statement of all liens or encumbrances which have been filed with the department, together with the date of each lien or encumbrance and the date received by the department or agent of the department. *The filing of a lien or encumbrance and the notation of it shall be a condition of perfection* and shall constitute constructive notice of the lien or encumbrance and its contents to creditors and subsequent purchasers and encumbrancers. *All liens or encumbrances so filed with the department shall be perfected and take priority according to the order in which the same are noted upon the certificate of title or entered into the electronic records of the department.*

Idaho Code § 49-510 (emphasis added).

This statute was amended by the Legislature of the State of Idaho in 2007; the revisions took effect July 1st of that year. 2007 Idaho Sess. Laws Ch. 66 (S.B. 1050). As important here, the revisions modified the text in

MEMORANDUM OF DECISION – 14

subparagraph (2), highlighted above.  Prior to 2007, the language now

found in subsection (2) of Idaho Code § 49-510 read:

> . . . it shall be the duty of the department or agent of the
> department to file the same, indorsing on the title
> application the date of the creation of the lien or
> encumbrance.  A lien is perfected as of the time of its
> creation if the transaction is notarized and if the filing is
> completed within the department or an agent of the
> department within twenty (20) calendar days thereafter;
> otherwise, as of the date of filing with the department
> or an agent of the department.  If the title application is
> incomplete or if the supporting documents are
> incomplete or missing, the title application and
> supporting documents as submitted will be returned to
> the lienholder or his successor, agent or assignee for
> correction and, if the application is not resubmitted in a
> complete form, including supporting documents, to the
> department or to the agent of the department within
> twenty (20) days of their having been returned to the
> lienholder or his successor, agent or assignee, the
> original date of receipt by the department or agent of
> the department shall be void.

The text of subsection (3) in Idaho Code § 49-510 was not changed by the

2007 amendments.  The Legislature explained its purpose in amending the

statute:

> Statement of Purpose

MEMORANDUM OF DECISION – 15

Federal Bankruptcy Code was amended last year by
Congress, and became effective on October 1, 2005.
This legislation will bring Idaho Code into compliance
with the new federal bankruptcy code for the purpose
of perfecting a security interest in a vehicle.  Idaho code
needs to mirror federal code which is used for the
purpose of recognition of liens for bankruptcy filings.
Other amendments are also included as clean-up of
current codes to match our current processes.

Currently under Idaho Code, there is a twenty (20) day
time[]frame from the date of sale in which a lender can
perfect a security interest.  Federal bankruptcy code
was amended to allow a thirty (30) day time frame to
perfect a lien.  *The amendments eliminate redundant lien
creation date language and simplify processes, thereby
clarifying that the filing time frame for perfection of a lien is
the filing date of a properly completed title application with
the department.*  They further change the transitional
ownership document filing requirement to 30 days.

2007 Idaho Sess. Laws Ch. 66 (S.B. 1050) (emphasis added).

> C.  The Case Law

Prior to the amendments to Idaho Code § 49-510 in 2007, this Court

interpreted the statute on several occasions.  Chief Judge Myers deftly

summarized the Court's analysis in those cases:

In applying [Idaho Code § 49-510(3)], this Court has

MEMORANDUM OF DECISION – 16

> stated that 'a security interest is deemed perfected
> according to the date noted by the State of Idaho on the
> certificate.' [*Fitzgerald v. First Sec. Bank of Idaho (In re
> Walker)*, 161 B.R. 484, 491 (Bankr. D. Idaho 1993)]. This
> is true even if the lien date on the Idaho title was
> recorded by administrative error. *See In re White*, 08.3
> IBCR 134, 136-37 (Bankr. D. Idaho 2008); *Fitzgerald v.
> First Sec. Bank of Idaho (In re Carson)*, 97.1 IBCR 8, 10
> (Bankr. D. Idaho 1997).

*Gugino v. Wachovia Dealer Servs. (In re Owen)*, No. 08-02283-TLM, 2009 WL
2145705, at *5 (Bankr. D. Idaho 2009).

In 2008, the Court discussed the recently-revised Idaho Code § 49-510 in connection with determining whether to approve a chapter 7 trustee's proposal to compromise a preference claim involving a lender's lien. *In re White*, 08.3 IBCR at 134.  In that case, in August 2007, an employee at a county office had incorrectly listed the address of the secured lender holding liens on two vehicles while processing the application for title certificates.  In November 2007, the secured creditor learned of the error, and requested that the county change its address listed on the titles.  The county complied, but for some reason, it also

MEMORANDUM OF DECISION – 17

changed the recording date of the secured lender's liens in the electronic

records to the same date in November 2007. When the owners of the

vehicles filed a chapter 7 bankruptcy case in December 2007, the chapter 7

trustee sought to avoid the secured creditor liens as a preference under

§ 547(b). The trustee and secured creditor agreed to settle the dispute and

submitted their compromise to the Court for approval pursuant to Rule

9019.

Applying the factors detailed in *Martin v. Kane (In re A & C Props.)*,

784 F.2d 1377, 1381 (9th Cir. 1986), the Court refused to approve the

parties' deal. In its decision, the Court quoted Idaho Code § 49-510(3),

providing that "[a]ll liens or encumbrances so filed with the department

shall be perfected and take priority according to the order in which the

same are noted upon the certificate of title or entered into the electronic

records of the department." *In re White*, 08.3 IBCR at 136.[10] Commenting

on this language in the Idaho statute, the Court noted that it had

---

[10] The Court did not cite to nor discuss Idaho Code § 49-510(2), however.

MEMORANDUM OF DECISION – 18

"consistently declined to allow administrative errors by governmental agencies to 'alter the operation of the statutes governing motor vehicle titles and security interest.'"  *Id.* at 137 (quoting *Fitzgerald v. First Sec. Bank of Idaho (In re Carson)*, 97.1 IBCR 8 (Bankr. D. Idaho 1997)).  Because the Court was not persuaded that the trustee would have difficulty prevailing in the adversary proceeding, the Court rejected the proposed settlement.  However, the Court was careful to observe that it was not resolving whether the lender's liens were indeed avoidable:  "Trustee has given the Court a basic explanation of his theories for asserting that the security interest held by [secured creditor] are avoidable preferences.  Because [secured creditor] has not appeared in connection with the motion, nor otherwise submitted any arguments, the Court was left to do its best to presume what defenses the creditor could advance in response to Trustee's claims."  *In re White*, 08.3 IBCR at 136 n.14.

Other than in *In re White*, the Court has not considered the impact of the amendments to Idaho Code § 49-510(2) in connection with a trustee's

MEMORANDUM OF DECISION – 19

challenge to a motor vehicle lien as a preference.

### III.    Application of Law to the Facts

Applying the revised Idaho statute, the Court concludes Debtors

and CAC have shown that the lien on the Honda was perfected under

Idaho law on August 2, 2013, the 30th day after Debtors received

possession of the Honda.  Therefore, under § 547(c)(3), Debtors' transfer of

the security interest to CAC is protected from avoidance, and as a matter

of law, Trustee's § 547(b) action fails.

The changes made by the Idaho Legislature in 2007 to Idaho Code

§ 49-510(2) were sufficiently clear to demonstrate its intent to protect CAC

in cases like this one:  "[w]hen the holder of a lien . . . has filed with the

department . . . a properly completed application . . . it shall be the duty of

the department . . . to file the same, endorsing on the title application the

*date of receipt.  A lien is perfected as of the date of the filing of a properly*

*completed application with the department or an agent of the department*."

(emphasis added).  Here, there is no dispute that the Application was

MEMORANDUM OF DECISION – 20

properly completed and received by Gem County, an agent of the

Department, on August 2, 2013.  As the "date of receipt," under the Idaho

statute, this was the date that should have been noted by the Department

in the electronic title records as the recording date for CAC's lien.  Because

of this, August 2, 2013, constitutes the date of perfection of the CAC

security interest under Idaho Code § 49-510(2), which should have been

listed in the Department's electronic records per Idaho Code § 49-510(3).

As noted above, the "date of receipt" language, as well as the last

sentence of Idaho Code § 49-510(2) were added by the amendments to the

statute by the Idaho Legislature in July 2007.  In the Court's view, the

addition of the "date of receipt" language would be meaningless unless

the Idaho Legislature intended to equate the date of receipt of a properly

completed application to the date that application was filed, and

according to Idaho Code § 49-510(2), the date of perfection.  These changes

to the Idaho laws require that the Court depart from its prior case law that

looked solely to the date listed on a vehicle's certificate of title as the

MEMORANDUM OF DECISION – 21

perfection date for the creditor's lien, regardless of whether the date was listed in error.

Contrary to Trustee's argument, Idaho Code § 49-510(3) does not compel a different result. The Trustee focuses on this Court's prior case law, cited above, and the last sentence of the statute instructing that "[a]ll liens or encumbrances so filed with the department shall be perfected and take priority according to the order in which the same are noted upon the certificate of title or entered into the electronic records of the department." Idaho Code § 49-510(3). However, the entire statute must be read together to determine when the lien was "so filed." *See Bonner Cnty. v. Cunnigham*, 323 P.3d 1252, 1257 (Idaho Ct. App. 2014) (stating "the fundamental principle of statutory construction requir[es] an interpretation that gives effect to all the words of the statute and does not render any part of the statute a nullity."). When the Court does so, it is apparent that paragraph (2), as amended, modifies paragraph (3), to require the perfection date listed on the certificate of title to be the date when the properly completed

MEMORANDUM OF DECISION – 22

application was received by (and therefore "filed" with) the Department or

its agent. This conclusion is consistent with the stated purpose of the

modification of the statute stated by the Idaho Legislature: "The

amendments eliminate redundant lien creation date language and simplify

processes, thereby clarifying that the filing time frame for perfection of a

lien is the *filing date of a properly completed title application with the*

*department.*" 2007 Idaho Sess. Laws Ch. 66 (S.B. 1050) (emphasis added).

## Conclusion

While the amendments to the Idaho statutes could perhaps have

been more precisely drafted, the Court concludes that the Legislature has

determined that the date a properly completed application is received by

the Department or its agent determines the perfection date for security

interests in motor vehicles from and after July 1, 2007.[11] As a result, the

---

[11] As a result of these amendments dictating that liens are perfected based upon "receipt" by the Department, there may now be considerable uncertainty as to a lien's perfection date, as compared to the prior system that deemed liens perfected on the date listed on the certificate of title or the electronic records. *See, e.g., In re Walker*, 161 B.R. at 491 (stating "as a matter of administrative

MEMORANDUM OF DECISION – 23

Court concludes Debtors and CAC have shown the requirements of

§ 547(c)(3) are satisfied in this case, and that Trustee can not avoid CAC's

security interest in the Honda as a preference under § 547(b).

In a separate order, Trustee's motion for summary judgment will be

denied, and the motion for summary judgment filed by Debtors, and

joined by CAC, will be granted.

Dated: June 6, 2014



_____

practicality, the date on the title certificate constitutes the lender's perfection
date.  Commercial reality demands that parties be able to rely upon the lien
perfection information contained [on] the title . . . [g]reat uncertainty would be
injected into credit and other transactions involving motor vehicles if parties
were allowed to impeach or contradict the lien recording information . . . .").
However, whether the approach taken by the Legislature in the amended
statutes constitutes good policy is beyond the purview of the Court.

MEMORANDUM OF DECISION – 24

---

Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 25